# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| BRIAN KRAJENKA, Individually, as Representative of the Estate of MARILYNN KRAJENKA, and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br>　v.<br><br>ASCENSIONPOINT RECOVERY SERVICES, LLC,<br><br>　　　　Defendant. | Case No.: 19-cv-1280<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") and Wisconsin Consumer Act, Ch. 421-427, Wis. Stats. ("WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Brian Krajenka is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family, or household purposes. *See also* 15 U.S.C. § 1692c(d).

5. Plaintiff also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that Plaintiff engaged in a consumer credit transaction.

6. Plaintiff is the representative of the Estate of Marilynn Krajenka (the "Estate"). Marilynn Krajenka (the "Decedent") was Plaintiff's wife.

7. Plaintiff brings his claims in his individual capacity as well as representatives of the Estate.

8. Plaintiff has standing to bring their claims in his individual capacity by virtue of his "special relationship" with the Decedent. *See O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 943 (7th Cir. 2011) (the FDCPA protects "consumers and those who have a special relationship with the consumer – such that the Act is still protecting the consumer—from statements that would mislead these consumers") (citing *Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir. 1997) (en banc) (holding that executrix could sue because the Act applies to anyone who "stand[s] in the shoes of the debtor [with] the same authority as the debtor to open and read the letters of the debtor"); *Hill v. Woods*, 2017 U.S. Dist. LEXIS 18413, *15 (S.D. Ind. February 9, 2017) (noting that a POA would have standing to bring FDCPA claims); *Crafton v. Law Firm of Levine*, 957 F. Supp. 2d 992, 1000-1001 (E.D. Wis. 2013) (holding a husband had standing to bring FDCPA claims after having read a letter addressed to his wife because "the plain language of 15 U.S.C. § 1692e is not limited in scope to debtors; rather, it prohibits debt collectors from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'"); *Swearingen v. Portfolio Recovery Assocs.*, 892 F. Supp. 2d 987 (N.D. Ill. 2012); *Flowers v. Accelerated Bureau of Collections, Inc.*, 1997 U.S. Dist. LEXIS 3354, 1997 WL 136313, at *7-8 (N.D. Ill. Mar. 19, 1997).

9. Plaintiff additionally brings the claims in his capacity as representative of the Estate. Plaintiff has standing to bring claims in such capacity because the relief sought is remedial and not penal in nature. *United States v. NEC Corp.*, 11 F.3d 136, 137 (11th Cir. 1993); *Carter v. First Nat'l Collection Bureau, Inc.*, No. 15-cv-1695, 2017 U.S. Dist. LEXIS 190164, at *5 n.3 (S.D. Tex. Nov. 16, 2017); *see also Dickens v. GC Servs.*, 2018 U.S. Dist. LEXIS 173071 (M.D. Fla. Oct. 2, 2018) (holding a substituted plaintiff to be an adequate class representative).

10. The Seventh Circuit and other circuits have stated that the FDCPA is remedial in nature. *Veach v. Sheeks*, 316 F.3d 690, 692 (7th Cir. 2003); *Tolentino v. Friedman*, 46 F.3d 645, 650-51 (7th Cir. 1995); *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 740-41 (7th Cir. 2004) (Wood, J. *dissenting*); *see also Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002) ("Because the FDCPA, like the Truth in Lending Act, is a remedial statute, it should be construed liberally in favor of the consumer.") (internal citation omitted); *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1176 (9th Cir. 2006); *Cirkot v. Diversified Fin. Services, Inc.,* 839 F. Supp. 941, 944 (D. Conn. 1993):

> The [Consumer Credit Protection] Act [of which the FDCPA is a part] is remedial in nature, designed to remedy what Congressional hearings revealed to be unscrupulous and predatory creditor practices throughout the nation. Since the statute is remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated.

*N.C. Freed Co. v. Board of Governors,* 473 F.2d 1210, 1214 (2d Cir. 1973).

11. Numerous courts have determined that claims brought under consumer protection statutes, like the FDCPA and the Truth in Lending Act ("TILA"), survive the death of the consumer plaintiff. *Smith v. No. 2 Galesburg Crown Fin. Corp.*, 615 F.2d 407, 415 (7th Cir. 1980) (holding that a TILA claim survived death), *overruled on other grounds by Pridegon v. Gates Credit Union*, 683 F.2d 182, 194 (7th Cir. 1982); s*ee also Cuoco v. Palisades Collection,*

3

*LLC*, Civil Action No. 13-6592 (JLL), 2014 U.S. Dist. LEXIS 31660 (D.N.J. Mar. 11, 2014); *Bracken v. Harris & Zide, L.L.P.*, 219 F.R.D 481, 484-85 (N.D. Cal. 2004) (holding that claims under the Fair Debt Collection Practices Act are analogous to claims under TILA, and are remedial claims that survive the death of the defendant); *Jewett v. Bishop, White Marshall & Weibel, P.S.*, No. CV 12-10142 PSG (MRWx), 2013 U.S. Dist. LEXIS 181608, 2013 WL 6818245, at *3 (C.D. Cal. Feb. 25, 2013) (holding that an FDCPA claim survived death of plaintiff); *James v. Home Constr. Co.,* 621 F.2d 727, 729-30 (5th Cir. 1980) (same); see also *Sw. Sunsites v. Fed. Trade Comm.*, 785 F.2d 1431, 1439 (9th Cir. 1986) (noting the FTC's "broad remedial power").

12. Defendant AscensionPoint Recovery Services, LLC ("Ascension") is a foreign business corporation with its principal place of business located at 200 Coon Rapids Boulevard, Suite 200, Coon Rapids, MN 55433.

13. Ascension is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

14. Ascension is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

15. Ascension is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat § 427.103(3).

## **FACTS**

16. On or about July 23, 2019, Ascension mailed a debt collection letter addressed to the "Estate of MARILYNN KRAJENKA." A copy of this account statement is attached to this complaint as Exhibit A.

4

17. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to the Estate inserted by computer.

18. Upon information and belief, Exhibit A is a form debt collection letter, generated by computer, and used by Ascension to attempt to collect alleged debts.

19. Upon information and belief, Exhibit A was the first letter that Ascension sent to the Estate with respect to the alleged debt referenced therein.

20. Exhibit A does not indicate the amount of the alleged debt referenced in the letter.

21. Exhibit A does not indicate the name of the creditor to whom the alleged debt referenced in the letter was owed.

22. Exhibit A does not include the validation notice that the FDCPA requires that debt collectors send debtors along with their initial communications. *See* 15 U.S.C. § 1692g(a).

23. Upon information and belief, Ascension did not send any written notice to Plaintiff or the Estate within five days of sending Exhibit A which included either the amount of the alleged debt referenced therein, the name of the creditor of the alleged debt, or the validation notice as referenced above.

24. Additionally, Exhibit A includes the following representation:

> Our client was informed of the passing of MARILYNN KRAJENKA and has recently placed an account in our office for resolution with the Estate of MARILYNN KRAJENKA.
>
> If you are the authorized person responsible for handling the financial matters of the Estate of MARILYNN KRAJENKA or know who is, please contact our office at (888) 806-9074.

25. Exhibit A thus indicates that Ascension is in the debt collection business and that the letter relates to the collection of a debt.

26. Furthermore, <u>Exhibit A</u> includes the following representation:

**IMPORTANT INFORMATION**
The purpose of this letter is only to confirm or correct location information concerning the authorized representative of the Estate. Please note that family members and persons handling the estate are not personally responsible for payment of any outstanding bills of the estate and are not required to pay individually or with assets owned jointly with the decedent.

27. By stating: "family members and persons handling the estate are not responsible for payment of any outstanding bills of the estate and are not required to pay individually or with assets owned jointly with the decedent," <u>Exhibit A</u> includes representations which are false, deceptive, and misleading as to the character and legal status of the alleged debt referenced therein.

28. Plaintiff was the husband of Decedent.

29. Under Wis. Stat. § 766.55(1), "An obligation incurred by a spouse during marriage, including one attributable to an act or omission during marriage, is presumed to be incurred in the interest of the marriage or the family."

30. Under Wis. Stat. § 766.55(2)(a), "A spouse's obligation to satisfy a duty of support owed to the other spouse or to a child of the marriage may be satisfied only from all marital property and all other property of the obligated spouse."

31. Under Wis. Stat. § 766.55(2)(a)(b), "An obligation incurred by a spouse in the interest of the marriage or the family may be satisfied only from all marital property and all other property of the incurring spouse."

32. Thus, depending on the nature of the alleged debt referenced by <u>Exhibit A</u>, Plaintiff may have been obligated to satisfy such debt with marital property or even his individual held assets if such debt was an "obligation to satisfy a duty of a support." *See St. Marys Hosp. Med. Ctr. v. Brody*, 519 N.W.2d 706, 710 (Wis. Ct. App. 1994) (citing Wis. Stat.

§ 765.001(2) and further defining the scope of a "duty of support" under Wis. Stat. § 766.55(2)(a)).

33. Additionally, on or about July 26, 2019, a mere three days after Ascension mailed the previous letter, Exhibit A, Ascension mailed another debt collection letter addressed to the "Estate of MARILYNN KRAJENKA." A copy of this account statement is attached to this complaint as Exhibit B.

34. Upon information and belief, Exhibit B is a form letter, of the same form as Exhibits A.

35. On the face of the letters, it is unclear whether Exhibits A & B seek to collect the same alleged debt.

36. Plaintiff read Exhibits A & B.

37. Plaintiff was misled and confused by Exhibits A & B.

38. The unsophisticated consumer would be misled and confused by Exhibits A & B.

39. Plaintiff had to spend time and money investigating Exhibits A & B, and the consequences of any potential responses to Exhibits A & B.

### *The FDCPA*

40. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp. Solutions*, 2018 U.S. Dist. LEXIS 50016, *12, 2018 WL 1513043 (E.D. Wis. March 27, 2018); *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the

7

Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

41. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt

8

collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

42. Misrepresentations of the character, amount or legal status of any debt, injure or risk injury to interests expressly protected by Congress in the FDCPA. *See Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Untershine v. Encore Receivable Mgmt., Inc.*, 18-cv-1484 (E.D. Wis. August 9, 2019); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) ("the receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.'" (internal citations omitted); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties

9

43. 15 U.S.C. § 1692b provides:

**Acquisition of Location Information**

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—

(1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;

(2) not state that such consumer owes any debt;

(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;

(4) not communicate by post card;

(5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and

(6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

44. 15 U.S.C. § 1692d generally prohibits: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

45. 15 U.S.C. § 1692e generally prohibits: "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

46. 15 U.S.C. § 1692e(2)(A) specifically prohibits: "The false representation of — the character, amount, or legal status of any debt."

10

47. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

48. 15 U.S.C. § 1692g(a) provides:

**Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

### *The WCA*

49. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

50. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country,"

11

and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n**.**15, 596 N.W.2d 786 (1999) (citations omitted).

51. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

52. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

53. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

54. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

55. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court

12

analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

57. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

57. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer … in such a manner as can reasonably be expected to threaten or harass the customer."

58. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct which can reasonably be expected to threaten or harass the customer …." Wis. Admin. Code § DFI-Bkg 74.16(9) defines such "other conduct" as "including conduct which violates the Federal Fair Debt Collection Practices Act."

## COUNT I – FDCPA

59. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

60. Count I is brought in the alternative of Count II.

61. Exhibit A is the first written communication AscensionPoint sent to Plaintiff.

62. Exhibit A fails to indicate the amount of the alleged debt referenced therein or the creditor to whom the alleged debt is owed and further fails to provide the statutorily required validation notice. *See* 15 U.S.C. 1692g(a).

13

63. No subsequent written communication was sent to Plaintiff or the Estate within five days of Exhibit A which contained such information.

64. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692g(a).

## COUNT II – FDCPA

65. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

66. Count II is brought in the alternative of Count I.

67. Exhibits A & B indicate that Ascension is in the debt collection business and that the letters relates to the collection of a debt.

68. By sending multiple letters to the Estate within days, Exhibits A & B communicate a person other than the consumer more than once.

69. Defendant violated 15 U.S.C. §§ 1692b(3), 1692b(5), and 1692d.

## COUNT III -- FDCPA

70. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

71. By stating: "family members and persons handling the estate are not responsible for payment of any outstanding bills of the estate and are not required to pay individually or with assets owned jointly with the decedent," Exhibit A includes representations which are false, deceptive, and misleading as to the character and legal status of the alleged debt referenced therein.

72. Defendant thereby violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

## COUNT IV - WCA

73. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

74. By multiple letters to the Estate within days, Exhibits A & B could reasonably be expected to harass Plaintiff.

75. By providing false and misleading information to the Estate, Exhibits A & B could reasonably be expected to harass Plaintiff.

76. Defendant thereby violated Wis. Stat. §§ 427.104(1)(g), 427.104(1)(h).

## CLASS ALLEGATIONS

77. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin, (b) who received a debt collection letter in the form of Exhibit A and/or Exhibit B to the complaint, (c) for an alleged debt incurred for personal, family, or household purposes, (d) between September 3, 2018 and September 3, 2019, inclusive. (e) that was not returned by the postal service.

78. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

79. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibits A and B violate the FDCPA and/or the WCA.

80. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

81. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

82. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

83. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: September 3, 2019

        **ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com